IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| GARRY L. TOLER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:17-02382 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

On April 18, 2017, Plaintiff, acting *pro se*,[1] filed his "Claim for Damage, Injury, Or Death," which this Court construed as a Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq*. (Document No. 1.) In his "Claim for Damage, Injury, Or Death," Plaintiff alleges that he was improperly detained "beyond my probation term which expired 09-18-2016."[2] (Id.) Plaintiff alleges that United States Probation

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that a "Claim for Damage, Injury, Or Death" form (also known as a Standard Form 95) is typically submitted as an administrative claim to the Federal agency whose activities gave rise to the claim. An individual must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim to exhaust his administrative remedies as required before filing an action under the FTCA. Plaintiff was advised by prior Order that the Federal Tort Claims Act is a limited waiver of sovereign immunity and this waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed. *See* 28 U.S.C. § 2675(a). Plaintiff was further advised of the following:

> [T]hat filing a timely administrative claim is jurisdictional and cannot be waived. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (*citing Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986); *Muth v. United States*, 1 F.3d 246 (4th Cir. 1993). Thus, before an individual can bring a claim under the FTCA, the individual must exhaust procedures specified at 28 C.F.R. §§ 14.1 to

Officer [USPO] Brett Taylor conducted a urine screen on Plaintiff on August 15, 2016. (Id.) Plaintiff acknowledges that the urine screen tested "positive." (Id.) Plaintiff indicates that at the time of the urine screening, he was also on home confinement concerning State charges in Raleigh County. (Id.) Plaintiff states that USPO Taylor notified Raleigh County Home Confinement of the positive drug screening on August 16, 2016, which resulted in Plaintiff's arrest by State authorities. (Id.) Plaintiff further contends that "a U.S. Marshal hold was put into effect" and "because of the U.S. Marshal Hold, I could not petition the State Court for re-instatement of home confinement."[3] (Id.) Plaintiff contends that his term of supervised release expired on September 18, 2016. (Id.) Plaintiff contends that USPO Taylor's conduct resulted in Plaintiff being "held illegally from September 18, 2016, until November 3, 2016." (Id.) Plaintiff explains that he was detained until November 3, 2016, because he "could not petition the State Court for re-instatement of home confinement, which typically happens within 72 hours." (Id.) As a result of the foregoing, Plaintiff states that he lost his job and place of residence and

---

      14.115 and 543.30 to 543.32. The administrative process which an individual must exhaust when they have complaints under the FTCA is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To exhaust administrative remedies as required before filing an action under the FTCA, the individual must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim. *Id.*, § 14.2(a) and (b)(1). After investigation and examination and informal attempts at resolving the individual's claim as the circumstances may require, *Id.*, §§ 14.6 and 14.8, the agency may deny or approve the individual's claim. If the agency denies the individual's claim, he may file suit in the District Court within six months of the mailing of the denial. *Id.*, § 14.9(a).

(Document No. 3, p. 1, fn. 1.)

[3] The record before the Court reveals that a Federal arrest warrant was not issued until October 13, 2016. (Criminal Action No. 5:03-cr-00122, Document No. 146.) Following the dismissal of the Petition to Revoke Supervised Release, the arrest warrant was returned unexecuted on October 24, 2016. (*Id.*, Document Nos. 151 and 152.)

suffered emotional distress. (Id.) Plaintiff requests $250 for each day he was held without authorization. (Id.)

By Order entered on April 19, 2017, the undersigned directed Plaintiff to (1) either pay the filing and administrative fee totaling $400 or file an Application to Proceed in Forma Pauperis, and (2) amend his Complaint to identify whether he is asserting a claim under the FTCA, Bivens, or both. (Document No. 3.) On May 15, 2017, Plaintiff filed his partially completed form Complaint, which was filed as his Amended Complaint. (Document No. 6.) A review of the Amended Complaint, however, revealed that Plaintiff failed to comply with this Court's instructions to identify whether "he is asserting a claim under the FTCA, Bivens, or both." (Id.) Plaintiff merely identified "U.S. Probations/Southern District of West Virginia" and Brett Taylor as additional defendants. (Id., p. 1.) Under the "Statement of Claim" section of the Amended Complaint, Plaintiff stated "see attached." (Id., p. 4.) The undersigned, however, noted that there was no attachment included with Plaintiff's Amended Complaint. (Id.) By Order entered on May 16, 2017, the undersigned again directed Plaintiff to amend his Complaint to identify whether he is asserting a claim under the FTCA, Bivens, or both. (Document No. 7.) On July 18, 2017, Plaintiff re-filed his "Claim for Damage, Injury, Or Death" (Document No. 1) as his Amended Complaint. (Document No. 11.)

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a person seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is

one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## **DISCUSSION**

The Federal Tort Claims Act [FTCA], 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq*., authorizes suits against the United States for damages for injuries or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his or her office or employment under circumstances where the United States, if a private person, would be liable in accordance with the law of the place where the act or omission occurred. The FTCA provides at 28 U.S.C. § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Individuals may file claims of liability against the United States but may not assert claims of personal liability against federal officials for violations of their constitutional rights under the

4

FTCA. Carlson v. Green, 446 U.S. 14, 21 - 23, 100 S.Ct. 1468, 1472 -74, 64 L.Ed.2d 15 (1980).

In the instant case, Plaintiff is clearly alleging only tortious conduct by Defendants. Since Plaintiff is asserting a FTCA claim based upon the alleged torts committed by USPO Taylor and the United States Probation Office for the Southern District of West Virginia, the undersigned finds that the United States is the only appropriate defendant. Despite several opportunities to amend his Complaint to set forth a Bivens claim against individual defendants, Plaintiff has failed to do so. Accordingly, the undersigned finds that Plaintiff has not stated a claim for which relief may be granted as to the USPO Taylor or the United States Probation Office for the Southern District of West Virginia. The undersigned therefore recommends that Plaintiff's claim against the USPO Taylor and the United States Probation Office for the Southern District of West Virginia be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Plaintiff's Complaint as to United States Probation Officer Brett Taylor and the United States Probation Office for the Southern District of West Virginia, and **REFER** this matter back to the undersigned for further proceedings on Plaintiff's FTCA claim.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this

Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 4, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge