# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| GARRY L. TOLER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 5:17-02382 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is the issue as to whether Plaintiff has failed to prosecute this civil action. For the reasons explained below, the undersigned respectfully recommends that the District Court dismiss this action without prejudice and deny Defendant's pending Motion for Summary Judgment as moot.

## PROCEDURE AND FACTS

On April 18, 2017, Plaintiff, acting *pro se*,[1] filed his "Claim for Damage, Injury, Or Death," which this Court construed as a Complaint seeking relief pursuant to the Federal Tort Claims Act [FTCA], 28 U.S.C. §§ 1346(b) and 2671, *et seq*. (Document No. 1.) In his "Claim for Damage, Injury, Or Death," Plaintiff alleges that he was improperly detained "beyond my probation term which expired 09-18-2016."[2] (Id.) Plaintiff alleges that United States Probation

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that a "Claim for Damage, Injury, Or Death" form (also known as a Standard Form 95) is typically submitted as an administrative claim to the Federal agency whose activities gave rise to the claim. An individual must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim to exhaust his

Officer [USPO] Brett Taylor conducted a urine screen on Plaintiff on August 15, 2016. (Id.) Plaintiff acknowledges that the urine screen tested "positive." (Id.) Plaintiff indicates that at the time of the urine screening, he was also on home confinement concerning State charges in Raleigh County, West Virginia. (Id.) Plaintiff states that USPO Taylor notified Raleigh County Home Confinement of the positive drug screening on August 16, 2016, which resulted in Plaintiff's arrest by State authorities. (Id.) Plaintiff further contends that "a U.S. Marshal hold was put into effect" and "because of the U.S. Marshal Hold, I could not petition the State Court for re-instatement of home confinement."[3] (Id.) Plaintiff contends that his term of supervised

---

administrative remedies as required before filing an action under the FTCA. Plaintiff was advised by prior Order that the Federal Tort Claims Act is a limited waiver of sovereign immunity and this waiver is subject to the condition that an administrative claim must first be submitted to the appropriate agency and denied before suit can be filed. *See* 28 U.S.C. § 2675(a). Plaintiff was further advised of the following:

> [T]hat filing a timely administrative claim is jurisdictional and cannot be waived. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994) (*citing Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986); *Muth v. United States*, 1 F.3d 246 (4th Cir. 1993). Thus, before an individual can bring a claim under the FTCA, the individual must exhaust procedures specified at 28 C.F.R. §§ 14.1 to 14.115 and 543.30 to 543.32. The administrative process which an individual must exhaust when they have complaints under the FTCA is spelled out at 28 C.F.R. §§ 14.1 - 14.11. To exhaust administrative remedies as required before filing an action under the FTCA, the individual must first submit an administrative claim including a claim for money damages in a sum certain for the alleged injury sustained on a Standard Form 95 to the Federal agency whose activities gave rise to the claim. *Id.*, § 14.2(a) and (b)(1). After investigation and examination and informal attempts at resolving the individual's claim as the circumstances may require, *Id.*, §§ 14.6 and 14.8, the agency may deny or approve the individual's claim. If the agency denies the individual's claim, he may file suit in the District Court within six months of the mailing of the denial. *Id.*, § 14.9(a).

(Document No. 3, p. 1, fn. 1.)

[3] The record before the Court reveals that a Federal arrest warrant was not issued until October 13, 2016. (Criminal Action No. 5:03-cr-00122, Document No. 146.) Following the dismissal of the Petition to Revoke Supervised Release, the arrest warrant was returned unexecuted on

release expired on September 18, 2016. (Id.) Plaintiff contends that USPO Taylor's conduct resulted in Plaintiff being "held illegally from September 18, 2016, until November 3, 2016." (Id.) Plaintiff explains that he was detained until November 3, 2016, because he "could not petition the State Court for re-instatement of home confinement, which typically happens within 72 hours." (Id.) As a result of the foregoing, Plaintiff states that he lost his job and place of residence and suffered emotional distress. (Id.) Plaintiff requests $250 for each day he was held without authorization. (Id.)

By Order entered on April 19, 2017, the undersigned directed Plaintiff to (1) either pay the filing and administrative fee totaling $400 or file an Application to Proceed in Forma Pauperis, and (2) amend his Complaint to identify whether he is asserting a claim under the FTCA, Bivens, or both. (Document No. 3.) On May 15, 2017, Plaintiff filed his partially completed form Complaint, which was filed as his Amended Complaint. (Document No. 6.) A review of the Amended Complaint, however, revealed that Plaintiff failed to comply with this Court's instructions to identify whether "he is asserting a claim under the FTCA, Bivens, or both." (Id.) Plaintiff merely identified "U.S. Probations/Southern District of West Virginia" and Brett Taylor as additional defendants. (Id., p. 1.) Under the "Statement of Claim" section of the Amended Complaint, Plaintiff stated "see attached." (Id., p. 4.) The undersigned, however, noted that there was no attachment included with Plaintiff's Amended Complaint. (Id.) By Order entered on May 16, 2017, the undersigned again directed Plaintiff to amend his Complaint to identify whether he is asserting a claim under the FTCA, Bivens, or both. (Document No. 7.) On July 18, 2017, Plaintiff re-filed his "Claim for Damage, Injury, Or Death" (Document No. 1) as

---

October 24, 2016. (*Id.*, Document Nos. 151 and 152.)

his Amended Complaint. (Document No. 11.)

By Proposed Findings and Recommendation entered on August 4, 2017, the undersigned construed Plaintiff's Complaints as setting forth a FTCA claim and recommended that Plaintiff's claims against USPO Taylor and the United States Probation Officer be dismissed. (Document No. 12.) By Order entered the same day, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees as to his FTCA claim against the United States and directed the Clerk to issue process upon the United States. (Document No. 13.) The Clerk issued process on the same day. (Document No. 14.) On August 14, 2017, the United States filed a "Motion to Dismiss for Lack of Subject Matter Jurisdiction," "Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction," and Memorandum in Support. (Document Nos. 16, 17, 20.) Specifically, the United States argues that Plaintiff's claim must be dismissed because "plaintiff did not properly name a federal agency in his administrative tort claim or present it to any agency, thereby exhausting his administrative remedy." (Id.) The United States, therefore, "requests that plaintiff's claim be dismissed without prejudice due to lack of subjective matter jurisdiction by failing to exhaust administrative remedies prior to commencing this civil action as required by the FTCA." (Id.) On August 15, 2017, the United States filed its "Second Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction." (Document No. 21.) In its Second Amended Motion, the United States sets forth the same arguments as above. (Id.) The United States amended its Motion to "to clarify that the motion is intended to address both documents entitled as "the Complaint." (Id.) The United States argues that "both Complaints suffer from the same jurisdictional insufficiency." (Id.)

Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to

Plaintiff on August 15, 2017, advising him of the right to file a response to the United States' Motions to Dismiss. (Document No. 22.) On August 24, 2017, Plaintiff filed a Motion for Appointment of Counsel. (Document No. 23.) By Order entered the same day, United States District Judge Irene C. Berger denied Plaintiff's Motion for Appointment of Counsel. (Document No. 24.) By Memorandum Opinion and Order entered on August 29, 2017, Judge Berger adopted the undersigned's Proposed Findings and Recommendation and dismissed USPO Taylor and the United States Probation Office as Defendants. (Document No. 25.)

Despite being warned by the Court in accordance with Roseboro that inaction could result in dismissal of his Complaint, Plaintiff did not file a response to the United States' Motions to Dismiss. After noting Plaintiff's lack of activity in this case, the undersigned issued an Order on October 13, 2017, directing Plaintiff to "show cause in writing on or before November 13, 2017, as to why this civil action should not be dismissed for failure to prosecute." (Document No. 27.) The undersigned specifically notified Plaintiff that if he had abandoned his intent to proceed in this action, the Court found no need to consider the merits of the pending Motions to Dismiss (Document Nos. 16, 20, 21). (Id.) Plaintiff has made no contact with this Court since August 24, 2017.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* plaintiff's failure to prosecute *sua sponte*.[4] See

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to

Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962)("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); United States ex. rel. Curnin v. Bald Head Island Ltd., 381 Fed.Appx. 286, 287 (4th Cir. 2010)("A district court has inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) 'provides an explicit basis for the sanction.'")(quoting Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991)). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). The foregoing factors are not meant to be

---

comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

applied as a rigid, formulaic test, but rather serve to assist the Court, along with the particular circumstances of each case, in determining whether dismissal is appropriate. Id. In consideration of the first factor, the Court finds no indication that anyone other than Plaintiff is responsible for his lack of participation. Since August 24, 2017, Plaintiff has done absolutely nothing to demonstrate an interest in prosecuting this action. Plaintiff failed to take action despite his receipt of the United States' Motions to Dismiss (Document Nos. 16, 20, 21) and the Roseboro Notice (Document No. 32). The Court notes that Plaintiff is not incarcerated and there is no indication that forces beyond Plaintiff's control are the cause of his neglect. Thus, the undersigned concludes that Plaintiff is solely responsible for his lack of participation in the instant action.

Consideration of the second factor reveals little to no prejudice to the United States. Although the United States has filed Motions to Dismiss, there is no indication that the United States has expended sufficiently time or resources defending Plaintiff's action. The United States' Motions to Dismiss request dismissal without prejudice based upon Plaintiff's alleged failure to exhaust his administrative remedies under the FTCA. Thus, the undersigned finds that dismissal for failure to prosecute would result in little to no prejudice to the United States.

With respect to the third factor, the Court will consider whether Plaintiff has a history of "deliberately proceeding in a dilatory fashion." The record is void of any evidence that Plaintiff has been "deliberately" dilatory. Plaintiff, however, has completely failed to take any action in these proceedings for more than three months. This Court has determined that "only a history of dilatory action" by a plaintiff weighs in favor of dismissal under the third factor. See Hanshaw v. Wells Fargo Bank, N.A., 2014 WL 4063828, * 4 (S.D.W.Va. Aug. 14, 2014)(J.

Johnston)("[A]lthough the Court lacks sufficient facts to determine whether Plaintiffs' failure to act is deliberate, in light of the absolute failure to participate in this civil action since the stay was lifted, the Court finds that [the third] factor weighs against Plaintiff.") Accordingly, the undersigned finds the above factor weighs against Plaintiff.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be unjust in view of Plaintiff's status as an indigent, *pro se* litigant. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the Roseboro Notice and the show cause order. In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice[5] unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaints (Document Nos. 1, 6, 11) without prejudice, **DENY as moot** the United States' Motions to Dismiss (Document Nos. 16, 20, 21) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is

---

[5] Rule 41(b) provides for dismissal with prejudice "[u]nless the dismissal order states otherwise." The undersigned recommends dismissal without prejudice because there is no evidence that Plaintiff acted "deliberately" in his failure to prosecute or that Plaintiff initiated this action in bad faith. *See Hanshaw*, 2014 WL 4063828, at * 5.

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: December 5, 2017.

_____
Omar J. Aboulhosn
United States Magistrate Judge